1  GORDON J. ZUIDERWEG, ESQ. (SBN 83101)
   LAW OFFICES OF BARRY K. ROTHMAN
2  1901 Avenue of the Stars
   Suite 370
3  Los Angeles, California 90067
   Telephone:    (310) 557-0062
4  Facsimile:    (310) 557-9080

5  Attorneys For Defendants Gregory S. Soter and
   Alan L. Rossi

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  E&M TRUST, | CASE NO.:   C07-06169 BZ |
| 12         Plaintiff, | **AMENDED NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION [FRCP RULE 12(b)(1)] AND FOR FAILURE TO STATE A CLAIM [FRCP RULE 12(b)(6)] OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT [FRCP RULE12(e)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER FILED HEREWITH** |
| 13  v. | |
| 14  INTERNATIONAL HOLDING CORPORATION OF NEVADA, | |
| 15  *et al.*, | |
| 16         Defendants. | |
| 17 | |
| 18 | |
| 19 | Hearing:<br>Date:       March 19, 2008<br>Time:      10:00 a.m.<br>Place:     Courtroom G, 15th Floor |
| 20 | |

21

22       TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

23       PLEASE TAKE NOTICE that on March 19, 2008, at 10:00 a.m., or as soon thereafter as the

24  matter may be heard, in Courtroom G (15th Floor) of the above-entitled court, located at 450 Golden Gate

25  Avenue, San Francisco, California 94102, Defendants Gregory S. Soter and Alan L. Rossi (hereinafter

26  sometimes referred to collectively as "Defendants Soter and Rossi"), will move and do hereby move the

27  Court for an order dismissing this action pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter

28  jurisdiction and dismissing this action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon

which relief can be granted. In the alternative, Defendants Gregory S. Soter and Alan L. Rossi will move and do hereby move the Court pursuant to Fed.R.Civ. 12(e) for an order for a more definite statement. This Motion will be based upon this Notice of Motion and Motion, the Memorandum of Points And Authorities included herewith, the pleadings and papers on file herein, and such other and further evidence the Court may consider at the time of the hearing.

The moving parties seek the following relief. First, Defendants Soter and Rossi seek the dismissal of this action pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. The Complaint on file herein does not allege that this case involves a federal question or diversity of citizenship. Second, Defendants Soter and Rossi seek the dismissal of this action pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that the Complaint fails to state a claim upon which relief can be granted on the following grounds: although Mr. Soter and Mr. Rossi are named in the caption, there are no specific allegations against Defendants Soter and Rossi in the Complaint; the allegations of the Complaint are not sufficient to constitute a claim against any of the defendants; and Plaintiff, a corporation, is representing itself *in propria persona*, which it cannot do under longstanding law. Third, in the alternative, Defendants Gregory S. Soter and Alan L. Rossi seek an order pursuant to Fed.R.Civ.P. 12(e) for a more definite statement before interposing a responsive pleading because the Complaint is so indefinite that the moving defendants cannot ascertain the nature of the claim or claims being asserted against them. Fourth, the Complaint fails to comply with the provisions of Fed.R.Civ.P. 8 and related case law in that each averment of the pleading is not simple, concise, and direct and in that the Complaint fails to give "fair notice" of the claim being asserted and the grounds upon which it rests. This failure to comply with the pleading requirements of Fed.R.Civ.P. 8 and related case law is an additional basis for the dismissal of this action or, at the very least, the ordering of Plaintiff to provide a more definite statement.

//
//
//
//
//

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION.

The Complaint filed by Plaintiff E&M Trust, a corporation (Complaint, Paragraph 5), has a number of glaring problems, as will be more fully set forth below. First, it fails to allege any basis for subject matter jurisdiction. Paragraph 1, which is entitled "Jurisdiction," does not allege the existence of any federal question or diversity of citizenship. The Complaint in general fails to allege any such grounds for federal subject matter jurisdiction. Second, the Complaint fails to make any specific allegations in regard to Defendants Soter and Rossi. Indeed, Defendants Soter and Rossi are not even mentioned in the body of the Complaint. Third, the Complaint does not allege any recognizable claim for relief against any of the defendants. It is impossible to ascertain if Plaintiff is alleging a breach of contract or fraud or any other legal basis for relief. Fourth, Plaintiff, a corporation, is representing itself *in propria persona*, which it cannot do under longstanding law. Fifth, the allegations of the Complaint on file in the above-referenced matter are so vague, ambiguous, unintelligible, and indefinite that Defendants Soter and Rossi cannot reasonably be required to frame a responsive pleading.

The above defects leave the Complaint fatally flawed. The Court should dismiss this action pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a cause of action for which relief can be granted. At the very least, if the Court should decide not to dismiss this action, the Court should require Plaintiff pursuant to Fed.R.Civ.P. 12(e) to provide a more definite statement of its claims to Defendants Soter and Rossi prior to said Defendants being required to interpose a responsive pleading. Fifth, the Complaint fails to comply with the provisions of Fed.R.Civ.P. 8 and related case law in that each averment of the pleading is not simple, concise, and direct and in that the Complaint fails to give "fair notice" of the claim being asserted and the grounds upon which it rests. This failure to comply with the pleading requirements of Fed.R.Civ.P. 8 and related case law is an additional basis for the dismissal of this action or, at the very least, the ordering of Plaintiff to provide a more definite statement.

//

//

**2.    THIS ACTION SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1) FOR LACK OF JURISDICTION BECAUSE THE COMPLAINT ON FILE HEREIN DOES NOT ALLEGE ANY BASIS FOR SUBJECT MATTER JURISDICTION.**

Fed.R.Civ.P. 12(b)(1) provides in pertinent part as follows:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

...

(1)    lack of jurisdiction over the subject matter..."

Federal courts are courts of limited jurisdiction. **Kokkonen v. Guardian Life Ins. Co. of America**, 511 U.S. 375, 380-381, 114 S.Ct. 1673, 1677 (1994); **Finley v. United States**, 490 U.S. 545, 551-552, 109 S.Ct. 2003, 2008 (1989). They can adjudicate only those cases involving a federal question or diversity of citizenship.

The allegations of the Complaint in the above-referenced case do not set forth either diversity of citizenship or a federal question. Paragraph 1, which is entitled "Jurisdiction", does not cite either of the applicable subject matter statutes - 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1332 (diversity jurisdiction). Paragraph 1 does not allege that this case is before this Court through federal question or diversity jurisdiction. Instead, Paragraph 1 references a "fraudulent" document which the United States government claims is fraudulent and some unspecified Defendants claim is "legitimate" and then mysteriously asserts that "This" somehow bestows jurisdiction upon this Court "to resolve the matter." The above-referenced allegations do not allege either federal question or diversity jurisdiction and, therefore, are insufficient. The other allegations of the Complaint similarly fail to allege a valid basis for subject matter jurisdiction. "It is to be presumed that a cause lies outside this limited jurisdiction [citation deleted], and the burden of establishing the contrary rests upon the party asserting jurisdiction." **Kokkonen v. Guardian Life Ins. Co. of America**, *supra* at 377. The Complaint utterly fails to establish or even allege any basis for subject matter jurisdiction in this Court, and,

1  therefore, this case should be dismissed.

2

3  **3.    THIS ACTION SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6)**
4  **FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE**
5  **GRANTED BECAUSE THE COMPLAINT CONTAINS NO SPECIFIC**
6  **ALLEGATIONS AGAINST DEFENDANTS SOTER OR ROSSI,**
7  **BECAUSE THE COMPLAINT ON FILE HEREIN DOES NOT STATE**
8  **ANY RECOGNIZABLE CLAIM FOR RELIEF, AND BECAUSE THE**
9  **CORPORATE PLAINTIFF CANNOT REPRESENT ITSELF.**

10  Fed.R.Civ.P. 12(b)(6) provides in pertinent part as follows:

11  "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim,
12  counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive
13  pleading thereto if one is required, except that the following defenses may at the option
14  of the pleader be made by motion:

15  ...

16  (6) failure to state a claim upon which relief can be granted...."

17  The Complaint on file herein fails to state a claim against Defendants Soter and Rossi in a
18  number of ways. First, although Defendants Soter and Rossi are named in the caption, there are no
19  specific allegations against Defendants Soter or Rossi in the Complaint. There are only vague
20  allegations as to "Defendants".

21  Second, the allegations of the Complaint are not sufficient to constitute a claim against any of
22  the defendants. The vague and rambling allegations of the Complaint do not set forth any recognizable
23  claim for relief. It is impossible to ascertain from the Complaint if Plaintiff is alleging a breach of
24  contract or fraud or some other cause of action.

25  The Complaint does make a vague reference to a "fraudulent document" in Paragraph 1. If the
26  Complaint is an attempt to allege a fraud claim, it fails. In all averments of fraud or mistake, the
27  circumstances constituting the fraud or mistake shall be stated "with particularity." Fed.R.Civ.P. 9(b);
28  *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-1023 (9th Cir. 2000). In fraud cases "the who, what,

5

AMENDED NOTICE OF MOTION AND MOTION TO DISMISS - Case No. C07-06169 BZ

when, and where" must be laid out. ***Ackerman v. Northwestern Mut. Life Ins. Co.***, 172 F.3d 467, 469 (7th Cir. 1999); ***Williams v. WMX Technologies, Inc.***, 112 F.3d 175, 178 (5th Cir. 1997). Vague and conclusory allegations are insufficient to satisfy the particularity requirement of Rule 9(b). ***Moore v. Kayport Package Express, Inc.,*** 885 F.2d 531, 540 (9th Cir. 1989); 540; ***Wool v. Tandem Computers, Inc.***, 818 F.2d 1433, 1439 (9th Cir. 1987). The Complaint fails completely to satisfy the pleading requirements for fraud.

Third, Plaintiff E&M Trust appears to be representing itself *in propria persona* in the above-referenced case. According to the Complaint, E&M Trust is a corporation. The Complaint was signed by William Spencer, who appears to be an officer of E&M Trust and not an attorney. The law in this regard is clear. Officers of a corporation cannot represent the corporation "pro se", and, thus, a corporation must appear through counsel. ***Rowland v. California Men's Colony***, 506 U.S. 194, 202, 113 S.Ct. 716, 721 (1993) ; ***United States v. High Country Broadcasting Co., Inc.***, 3 F.3d 1244, 1245 (9th Cir. 1993) . Civil L.R. 3-9(b) also provides: "A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court." The United States Supreme Court has noted that there is a long line of cases beginning in 1824 holding that a corporation can only be represented by licensed counsel. ***Rowland v. California Men's Colony***, *supra* at 202. When an artificial entity appears *in propria persona* without an attorney, the court may dismiss its claims. *See*, ***Prunte v. Universal Music Group***, 484 F.Supp.2d 32, 37-38 (D.D.C. 2007). It is, thus, clear that Plaintiff E&M Trust is improperly representing itself in this case and that, under the above-cited law, this case must be dismissed.

    **4.** **THE COMPLAINT IS SO VAGUE AND AMBIGUOUS THAT DEFENDANTS SOTER AND ROSSI CANNOT REASONABLY BE REQUIRED TO FRAME A RESPONSIVE PLEADING, AND, THUS, PLAINTIFF SHOULD BE REQUIRED BY THIS COURT TO PROVIDE A MORE DEFINITE STATEMENT.**

Fed.R.Civ.P. 12(e) provides in pertinent part as follows:

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that

a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading…."

A Rule 12(e) motion is proper where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. ***Famolare, Inc. v. Edison Bros. Stores, Inc.***, 525 F.Supp. 940, 949 (ED CA 1981); ***Cellars v. Pacific Coast Packaging, Inc.,*** 189 F.R.D. 575, 578 (ND CA 1999).

A motion for more definite statement should be granted where the pleading is not specific enough to apprise the defendant of the substance of the claim being asserted. ***Bureerong v. Uvawas***, 922 F.Supp. 1450, 1461 (CD CA 1996); ***FRA S.p.A v. Surg-O-Flex of America, Inc.***, 415 F.Supp. 421, 427 (SDNY 1976).

The subject Complaint is vague and ambiguous in the extreme in regard to Defendants Soter and Rossi. As mentioned above, Defendants Soter and Rossi are not even mentioned in the body of the Complaint. A "fraudulent document" is mentioned in Paragraph 1, and the issuance of a "Bank Guarantee" is alleged in Paragraphs 11 through 18. However, the connection of Defendants Soter and Rossi to the Bank Guarantee or to the other Defendants is not even hinted at. The allegations of the Complaint do not apprise Defendants Soter and Rossi of the substance of the claim or claims being asserted against them. The allegations are so vague and uncertain that Defendants Soter and Rossi cannot ascertain the nature of the claims being asserted. Consequently, under the above-referenced law, Plaintiff should be required to provide a more definite statement.

**5.     THE COMPLAINT ON FILE HEREIN VIOLATES THE REQUIREMENTS OF RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RELATED CASE LAW, AND, THUS, THIS CASE SHOULD BE DISMISSED OR, IN THE ALTERNATIVE, PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT.**

Rule 8 of the Federal Rules of Civil Procedure requires that each averment of a pleading be simple, concise, and direct. However, a pleading must give "fair notice" of the claim being asserted and

the grounds upon which it rests. ***Conley v. Gibson***, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); ***Swierkiewicz v. Sorema N.A.***, 534 U.S. 506, 513, 122 S.Ct. 922, 998 (2002). A complaint is inadequate if it fails to (1) provide notice of circumstances which give rise to the claim, or (2) fails to set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." ***Beanal v. Freeport-McMoran, Inc.***, 197 F.3d 161, 164 (5th Cir. 1999); ***Lewis v. ACB Business Services, Inc.***, 135 F.3d 389, 405-406 (6th Cir. 1998). "[P]laintiffs cannot simply promise the court that once they have completed discovery, something will turn up". ***Migdal v. Rowe Price-Fleming Int'l, Inc.***, 248 F.3d 321, 328 (4th Cir. 2001).

The Complaint on file herein clearly violates the mandates of Rule 8 and related case law. The Complaint does not give "fair notice" of the claim being asserted against Defendants Soter and Rossi or the grounds upon which the alleged claim rests. Clearly, the Complaint fails to set forth adequate information to outline elements of the asserted claim or claims. This failure to comply with the requirements of Rule 8 is yet another basis to either dismiss this action or to require Plaintiff to provide a more definite statement.

### 6.   CONCLUSION.

There are multiple bases for dismissing this action. First, there is no subject matter jurisdiction. Second, the Complaint fails to make any allegations in regard to Defendants Soter and Rossi and fails to set forth any recognizable claim. Third, the corporate plaintiff is representing itself *in propria persona*, which of course it cannot do under longstanding law. Fourth, the Complaint fails to comply with F.Civ.P. R. 8 and related case law in failing to provide a simple, concise, and direct statement of the claims which gives fair notice to Defendants Soter and Rossi as to the nature of the claim being asserted and the basis for the claim. If the Court should decide not to dismiss this action, it should order Plaintiff to provide a more definite statement.

//
//
//
//

1 | Dated: December 31, 2007

LAW OFFICES OF BARRY K. ROTHMAN

By_____
   Gordon J. Zuiderweg, Esq.
Attorneys For Defendants Gregory S. Soter and Alan L. Rossi

9

AMENDED NOTICE OF MOTION AND MOTION TO DISMISS - Case No. C07-06169 BZ

**PROOF OF SERVICE**

Gordon J. Zuiderweg certifies and declares as follows:

I am an attorney at law duly licensed to practice before all the courts of the State of California, and I am a member of the Law Offices of Barry K. Rothman, attorneys for Defendants Soter and Rossi herein. I am over the age of 18 and not a party to this action. My business address is 1901 Avenue of the Stars, Suite 370, Los Angeles, California 90067, which is located in the county where the mailing described below took place.

On December 31, 2007, I deposited in the mail at Los Angeles, California, a true and correct copy of the AMENDED NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION [FRCP RULE 12(b)(1)] AND FOR FAILURE TO STATE A CLAIM [FRCP RULE 12(b)(6)] OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT [FRCP RULE12(e)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER FILED HEREWITH, in a sealed envelope, with postage prepaid, addressed to:

E&M Trust
715 MacArthur Boulevard
San Leandro, California 94577

I declare under penalty of perjury under the laws of the State of California and those of the United States of America that the foregoing is true and correct.

Executed in Los Angeles, California on December 31, 2007.

Gordon J. Zuiderweg