1  DAVID HICKS, APLC
   DAVID HICKS, STATE BAR NOS. CALIF., 053750; NEW YORK, 2051266
2  2200 POWELL STREET, SUITE 990
   EMERYVILLE CA 94608
3  [510] 595-2000; FAX [510] 594-9555

4  COUNSEL FOR PLAINTIFF E & M TRUST

5

6

7
                   UNITED STATES DISTRICT COURT
8                  NORTHERN DISTRICT OF CALIFORNIA

9

10 E&M TRUST,
                                        ]  Case No. C07-06169 BZ
11         Plaintiff,                   ]
                                        ]
12 v.                                   ]
                                        ]  AFFIDAVIT OF PLAINTIFF'S COUNSEL
13 INTERNATIONAL HOLDING CORPORATION    ]  IN SUPPORT OF PLAINTIFF E&M
   OF NEVADA, and Joseph Mathew Kelaidis,]  TRUST'S *EX PARTE* APPLICATION TO
14 James Mathew Kelaidis, Individually and Officers ] ENLARGE TIME TO RESPOND TO
   of International Holding Corporation of Nevada; ] DEFENDANTS' MOTION TO DISMISS
15                                      ]  FOR LACK OF SUBJECT MATTER
16 Gregory S. Soter, and Alan L. Rossi;  ]  JURISDICTION AND FOR FAILURE TO
   PB TRADING S.A. and Jaime S. Dreyfus  ]  STATE A CLAIM OR IN THE
17 Zamokevich, Individually and as Director of PB ] ALTERNATIVE MO6TION FOR MORE
   Trading;                             ]  DEFINITE STATEMENT.
18                                      ]
19 ABN AMRO BANK, N.A., PB Trading, And  ]  Assigned to: Hon. Bernard Zimmerman
   Rudy Beckman, Grip Verkin, J. Richter, Jamie S. ] Date Action Filed: December 5, 2007
20 Dreyfus Zamokevich, Individually and Officers ] Trial Date: Not yet set
   and Directors of Said Corporation; John Doe 1- ]
21 20;                                  ]  Hearing:_____, 2008
22                                      ]  Time: 10:a.
                                        ]
23         Defendants,                  ]
   _____]
24

25

26

27

28

AFFIDAVIT *RE: EX PARTE* APPLICATION FOR HEARING RE MOTION TO ENLARGE TIME, page 1
CASE NO. C07-06169 BZ

## AFFIDAVIT OF PLAINTIFF'S COUNSEL, DAVID HICKS

Comes now David Hicks and declares and affirms as follows:

I am a duly licensed attorney at law, admitted to practice before all courts in the States of California and New York, the United States Supreme Court and the United States District Courts for Maine, and the Northern, Central and Eastern Districts of California.

I am attorney of record for plaintiff herein. I have personal knowledge of the matters stated in this declaration. The source of my information given herein is derived from personal knowledge, investigation and discussions conducted in the ordinary course of this case. If called upon to testify as to the truth of the matters contained herein, because I have seen, observed, witnessed or heard each of said matters, I would be competent to and would testify as follows:

1. I make this declaration in support of the ex parte application to extend time to oppose Defendants', Soter and Rossi's, Motion to Dismiss.

2. The following efforts were made to avoid the necessity of this motion:

    a. I contacted defense counsel Amie Rooney, Esq., in response to her request for a stipulation to extend time to respond to the complaint on behalf of defendant ABN-AMRO BANK and agreed to do so, and this Court thereafter enlarged time by stipulation to March 31, 2008. I suggested mutual cooperation to be apt and due.

    b. My firm made repeated telephone calls to Movant's attorney, Gordon Zuiderweg, to request an enlargement of time. None of these calls were returned. My paralegal assistant called to speak with Mr. Zuiderweg's assistant and I was told that he was in trial. I am informed by her and believe that she left a detailed message about this application. In frustration and recognizing the need to create some kind of record, I decided to send an e-mail to Mr. Zuiderweg to try to avoid this motion. I sent it on February 6, 2008. A true copy is attached hereto as Attachment A. At 1:50 p.m. Mr. Zuiderweg called and left me a voice mail indicating he was "unable" to agree, and that he was "anxious to get a ruling on his motions". No other reasons were provided. Moreover, Mr. Zuiderweg did not provide the undersigned's request for the citizenship and residency of his clients, which movant needs in order to evaluate jurisdiction and other issues.

3. The reasons for the requested enlargement are as follows: Plaintiff's attorney needs time to determine whether to concede, oppose or oppose in part the Motion to Dismiss, and lacks sufficient time and adequate information upon which to respond through no fault of the plaintiff, whose *in propria persona* complaint is admittedly defective on its face.

4. The potential for substantial harm or prejudice that would occur if the Court did not change the time would be as follows: Plaintiff may be required by circumstances to advance arguments that may later prove inapt or unsupported, may be precluded from learning of and advancing merited arguments. Plaintiff may be precluded from deciding to concede some or all parts of the motion even if they are merited. Plaintiff would be effectively without adequate counsel despite a presently underway good faith attempt to obtain and adequately inform your declarant. Plaintiff's counsel may not yet have been served with all documents presented to the Court by defendants. [No consent to Magistrate from Movants is one obvious missing document].

5. Plaintiff discloses all previous time modifications in the case to be the following: This Court extended the time for defendant ABN-AMRO Bank to file a responsive pleading to March 31.

6. Plaintiff believes the effect the requested time modification would have on the schedule for the case would be the following: The Court may reconsider other dates it has ordered. Plaintiff will have time to carefully consider the case with the advice of counsel, which likely will save all parties and the Court much time in the long run.

7. Your declarant is informed and believes that good cause exists for this application as shown *passim*.

8. Your declarant received this case while heaving engaging in the preparation of simultaneous summary judgment motions, expert witness and other trial preparation in a complex state Court action and other work. Your declarant saw that this case was one where plaintiff appeared in urgent need of counsel and entered the case to assist the plaintiff to avoid summary dismissal.

9. Your declarant has caused appearing defendants to be served a copy of this motion, proposed order and supporting declaration to all other parties on the day the motion was filed both by fax and by first class mail.

10. Your declarant has been steadily attempting to gain information to evaluate and properly respond to the pending motion. An important source of information is the plaintiff's former officer, William

Spencer. Mr. Spencer is 78 years old this month, and despite having, declarant is informed and believes, no prior criminal history, was convicted by a jury in Federal Court of "attempting to use utilize [a Bank Guarantee] to execute a business transaction with the United States Government for E&M Trust" [Complaint, ¶ 14.] for the purchase of Hawaiian Airlines, Mr. Spencer is currently incarcerated at the Federal Medical Center at Butner, North Carolina, and your declarant has had difficulty conferring with him. Your declarant made repeated attempts to reach this inmate but the correctional institute numbers provided only resulted in messages left until yesterday, when a correctional counselor finally returned declarant's call, and a short telephone conference was conducted, and a schedule of availability for such conferences obtained. Your declarant believes that contacts with Mr. Spencer are presently at the discretion of duty employees at the institution, resulting in unproductive calls, and a single brief conversation in the presence of and in the office of a "Counselor".

11. Your declarant has requested substantial time due to what he believes to be necessary to investigate this case, and:

    a. the difficulties of communicating with percipient witness in custody in North Carolina;

    b. a State Court trial on March 17th of a complex case that may require three weeks to completion, with the normal pressing last month before trial;

    c. oral arguments on two summary judgment motions next week;

    d. other motions, depositions and expert witness matters in the course of law practice; and

    e. Flying out of town to a wedding on Friday.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, except for those matters stated on information and belief, which I believe to be true and correct.

Dated: February 6, 2008

*[signature]*

David Hicks, Attorney for E&M Trust
DAVID HICKS A.P.L.C.
2200 Powell Street, Suite 990
Emeryville, CA 94608
Telephone: (510) 595-2000
Facsimile: (510) 594-9555
E-mail: DHCases@aol.com

Subj: **E& M Trust**
Date: 2/6/2008 10:13:07 A.M. Pacific Standard Time
From: Dhcases
To: gjz@zuider.com
CC: rooneya@sullcrom.com
BCC: jiireh@msn.com, ealtieri@pacbell.net

Dear Gordon:

I am the attorney who made a general appearance on behalf of E&M Trust. Recently, Amy Rooney, who represents the other captioned defendants contacted me and I agreed to enlarge her time to answer to March 31st, to accomodate our respective calendars.

We (my paralegal on this case, Liz) and I have been attempting to reach you by phone, or your secretary, but no one has returned any of our calls. At last, it was mentioned to us that you might be in trial, so please do not consider this paragraph a criticism for not getting back to us as I understand perfectly.

However, due to a briefing schedule, I must make one last effort to reach you (and thought E-Mail might be more productive) before making an ex parte application regarding your motion's schedule. I wonder if you would be kind enough to extend to me the professional courtesy of agreeing to extend our time, and the hearing date on your motion long enough for me to get up to speed in this case.

I see that the pro per complaint is patently not the work of a lawyer. I also wonder whether there is a bona fide federal question and jurisdiction. Of course, I cannot amend the complaint until I can be confident in the allegations, and want you to know I need the time to make an evaluation as to whether there is any reason for me to oppose your motion at all.

For that reason I ask:

1. would you stipulate to an order rescheduling your motion and my time limit to respond so that I can not be forced to draft an opposition in the dark when I might just avoid one altogether, thereby saving the Court, you and myself time. If you will do so, I will be happy to take care of all the paper work end of it, of course.

2. would you be kind enough to advise me as to the residency and citizenship of your clients.

Unfortunately I have little time to await a response you I ask you give this a quick reply.

Thank you very much. Kind regards,

*David Hicks*, A.P.L.C., attorney for E&M Trust

2200 Powell St. Suite 990, Emeryville CA 94608
510 595 2000

ATTACHMENT A

---

Who's never won? Biggest Grammy Award surprises of all time on AOL Music.

Wednesday, February 06, 2008 AOL: Dhcases