GORDON J. ZUIDERWEG, ESQ. (SBN 83101)
LAW OFFICES OF BARRY K. ROTHMAN
1901 Avenue of the Stars
Suite 370
Los Angeles, California 90067
Telephone:   (310) 557-0062
Facsimile:    (310) 557-9080

Attorneys For Defendants Gregory S. Soter and
Alan L. Rossi

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| E&M TRUST, | ) | CASE NO.:   C07-06169 BZ |
|---|---|---|
| Plaintiff, | ) | **OPPOSITION OF DEFENDANTS SOTER AND ROSSI TO PLAINTIFF'S EX PARTE APPLICATION TO ENLARGE TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS; DECLARATION OF GORDON J. ZUIDERWEG** |
| v. | ) | |
| INTERNATIONAL HOLDING CORPORATION OF NEVADA, *et al.*, | ) | |
| Defendants. | ) | |

Defendants Gregory S. Soter and Alan L. Rossi respectfully submit the following opposition to the Plaintiff E&M Trust Ex Parte Application To Enlarge Time To Respond To Defendants' Motion To Dismiss For Lack of Subject Matter Jurisdiction And For Failure To State A Claim Or In The Alternative Motion For More Definite Statement (Docket No. 26).

Plaintiff's counsel seeks a 45-day extension to respond to the Motion To Dismiss Or, In The Alternative, Motion For More Definite Statement filed by Defendants Soter and Rossi (Docket Nos. 10-13) on December 31, 2007, which is currently set for hearing on March 19, 2008.

Defendants Soter and Rossi oppose Plaintiff's Ex Parte Application and the requested lengthy extension. As the traditional legal maxim states: "Justice is not to be denied or delayed" (*"Justitia non est neganda, non differanda"*). Plaintiff filed its Complaint (Docket No. 1) on December 5, 2007. As pointed out in Defendants' pending Motion, the Complaint alleges no basis for subject matter

1

OPPOSITION OF DEFENDANTS SOTER AND ROSSI TO PLAINTIFF'S EX PARTE APPLICATION TO ENLARGE TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS - Case No. C07-06169 BZ

jurisdiction and is vague and ambiguous in the extreme. It contains no specific allegations against Defendants Soter and Rossi. Despite this, Plaintiff and its counsel have seen fit to continue to prosecute this action against Defendants Soter and Rossi. Defendants Soter and Rossi timely filed their Motion and set it for hearing on one of the earliest dates available on the Court's calendar. Plaintiff's counsel first appeared in this case on January 25, 2008 (Docket No. 20). Presumably, Plaintiff's counsel did at least some investigation and research in regard to this case prior to entering his appearance. Further, presumably, Plaintiff's counsel has done further investigation and research in regard to this case since making his appearance. Despite adequate time to evaluate this matter, Plaintiff's counsel now seeks an extension of 45 days to further evaluate this matter. The requested extension will simply delay justice. It is time for Plaintiff and Plaintiff's counsel to provide a jurisdictional basis for this case, state specific allegations against Defendants Soter and Rossi, allege a cognizable claim against Defendants Soter and Rossi, or dismiss this action.

Attached hereto is the Declaration of Gordon J. Zuiderweg, attorney for Defendants Soter and Rossi, which addresses some misstatements in the Affidavit of Plaintiff's Counsel, David Hicks.

Dated: February 11, 2008                LAW OFFICES OF BARRY K. ROTHMAN


By *Gordon J. Zuiderweg*
Gordon J. Zuiderweg, Esq.
Attorneys For Defendants Gregory S. Soter and Alan L. Rossi

## DECLARATION OF GORDON J. ZUIDERWEG

I, Gordon J. Zuiderweg, declare as follows:

1. I am an attorney at law duly licensed to practice before all the Courts of the State of California, and I am duly admitted to practice before this Court. I am a member of the Law Offices of Barry K. Rothman, attorneys for Defendants Gregory S. Soter and Alan L. Rossi herein. This Declaration is based upon my personal knowledge and personal participation in the events described. If called to testify as a witness, I could and would testify competently as follows.

2. This Declaration is submitted in response to the Affidavit of Plaintiff's Counsel, David Hicks (Docket No. 26, Attachment No. 1).

3. In Paragraph 2.b., on Page 2 of the above-mentioned Affidavit, Plaintiff's counsel incorrectly states that his firm made repeated telephone calls to me and that detailed messages were left for me (Page 2, Lines 18-28). This statement is apparently made on the basis of hearsay statements by Mr. Hicks's assistant. Plaintiff's counsel's allegations are misleading and incorrect. I have reviewed our office telephone message records and my voice mail as well as the notes in my calendar. I did not receive repeated messages from Mr. Hicks's office. I did not receive detailed messages from Mr. Hicks's offices. I received two message slips dated January 30, 2008, and February 4, 2008, from a Liz Altieri of the Law Offices of David Hicks. Neither had a detailed message. Neither reflected any urgency. The February 4, 2008 message merely mentioned a possible rescheduling of the March 19, 2008 hearing on the Motion To Dismiss brought by Defendants Soter and Rossi. I received one voice mail message from Ms. Altieri on the morning of January 31, 2008. There was no detailed message and no statement of urgency, merely a request that I contact her.

4. I was unable to respond immediately to the messages from Plaintiff's counsel's office because I was heavily engaged. I was set for trial on a complicated condominium case in the Los Angeles County Superior Court on January 22, 2008. Subsequent events have led to the trailing of the case while discovery and investigation proceed on the recent events causing additional damage to the plaintiff, our client. There have also been repeated appearances in that case to apprise the court of progress in the supplemental discovery. Further, I have been involved in preparing a complicated entertainment industry case for trial in the Los Angeles County Superior Court on February 26, 2008.

3

Further, I had to complete a default judgment prove-up for a conversion/fraud case in the Los Angeles County Superior Court. Pursuant to court order, the default judgment prove up had to be completed, and the default judgment entered by January 31, 2008. Further, I have been actively involved in a complicated securities fraud case in the United States District Court for the Western District of Oklahoma.

5. When I received Mr. Hicks's email of February 6, 2008, I responded immediately by telephone. Mr. Hicks was unavailable. I spoke to his assistant and then left a voice mail message. I was unable to stipulate to a 45-day extension of time for Plaintiff to respond to our Motion because we believe that Plaintiff's counsel has had adequate time to evaluate this case and the Complaint herein and that it is time for Plaintiff's counsel to set forth an adequate jurisdictional basis for this case and some arguably cognizable claim against Defendants Soter and Rossi.

I declare under penalty of perjury under the laws of the State of California and those of the United States of America that the foregoing is true and correct.

Executed in Los Angeles, California, on February 11, 2008.

*Gordon J. Zuiderweg*
Gordon J. Zuiderweg

OPPOSITION OF DEFENDANTS SOTER AND ROSSI TO PLAINTIFF'S EX PARTE APPLICATION TO ENLARGE TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS - Case No. C07-06169 BZ

# PROOF OF SERVICE

Gordon J. Zuiderweg certifies and declares as follows:

I am an attorney at law duly licensed to practice before all the courts of the State of California, and I am a member of the Law Offices of Barry K. Rothman, attorneys for Defendants Soter and Rossi herein. I am over the age of 18 and not a party to this action. My business address is 1901 Avenue of the Stars, Suite 370, Los Angeles, California 90067, which is located in the county where the mailing described below took place.

On February 11, 2008, I deposited in the mail at Los Angeles, California, true and correct copies of the foregoing OPPOSITION OF DEFENDANTS SOTER AND ROSSI TO PLAINTIFF'S EX PARTE APPLICATION TO ENLARGE TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS; DECLARATION OF GORDON J. ZUIDERWEG, in sealed envelopes, with postage prepaid, addressed to:

David Hicks, APLC
2200 Powell Street
Suite 990
Emeryville, California 94608

Brendan P. Cullen, Esq.
Amie Rooney, Esq.
Sullivan & Cromwell LLP
1870 Embarcadero Road
Palo Alto, California 94303

I also served a true and correct copy of the foregoing OPPOSITION OF DEFENDANTS SOTER AND ROSSI TO PLAINTIFF'S EX PARTE APPLICATION TO ENLARGE TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS; DECLARATION OF GORDON J. ZUIDERWEG, on Plaintiff's counsel, by telecopier transmission to (510) 594-9555.

I declare under penalty of perjury under the laws of the State of California and those of the United States of America that the foregoing is true and correct.

//
//
//
//

5

Executed in Los Angeles, California on February 11, 2008.

_/s/ Gordon J. Zuiderweg_
Gordon J. Zuiderweg

OPPOSITION OF DEFENDANTS SOTER AND ROSSI TO PLAINTIFF'S EX PARTE APPLICATION TO ENLARGE TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS - Case No. C07-06169 BZ