David Hicks, APLC
David Hicks, State Bar Nos. Calif., 053750; New York, 2051266
2200 Powell Street, Suite 990
Emeryville CA 94608
[510] 595-2000; Fax [510] 594-9555

Counsel for Plaintiff E & M Trust

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E&M TRUST,<br><br>　　　　Plaintiff,<br><br>v.<br><br>INTERNATIONAL HOLDING CORPORATION OF NEVADA, and Joseph Mathew Kelaidis, James Mathew Kelaidis, Individually and Officers of International Holding Corporation of Nevada;<br><br>Gregory S. Soter, and Alan L. Rossi;<br><br>PB TRADING S.A. and Jaime S. Dreyfus Zamokevich, Individually and as Director of PB Trading;<br><br>ABN AMRO BANK, N.A., PB Trading, And Rudy Beckman, Grip Verkin, J. Richter, Jamie S. Dreyfus Zamokevich, Individually and Officers and Directors of Said Corporation; John Doe 1-20;<br><br>　　　　Defendants. | Case No. C07-06169 BZ<br><br>**PLAINTIFF E&M TRUST'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT.**<br><br>Assigned to: Hon. Bernard Zimmerman<br>Date Action Filed: December 5, 2007<br>Trial Date: Not yet set<br><br>Hearing: March 19, 2008<br>Time: 10:a.m.<br>Place: Courtroom G, 15th Floor |

TO THE COURT AND APPEARING PARTIES AND THEIR COUNSEL:

## Issues To Be Decided

1. Whether the Court will enlarge time needed by plaintiff to obtain information appropriate to the decision on the motion to dismiss. If not, then

2. Whether the Court will

   a. Transfer to a State Court without dismissing so that the plaintiff's claims will not be barred by the statute of limitations, or

   b. Grant the unopposed alternative relief sought of requiring a more definite statement.

## Statement of Relevant Facts

Plaintiff E&M Trust, through its counsel, wishes to oppose the pending motion to dismiss but, for the nonce, remains unable time to prepare a direct, plenary and appropriate opposition to the motion to dismiss for all of those reasons set forth in the previous application to enlarge time (pending). Plaintiff's counsel is reluctant to advance grounds about which it is unsure due to the lack of any exchanged information between parties, and the refusal of movants to identify themselves by residency and citizenship in the face of a direct request to their counsel for that information.

Plaintiff's counsel is attempting to determine whether the case *should* be dismissed. The answer to this is not self-evident as yet. If counsel determines that to be the case he will act promptly in that regard.

Plaintiff's counsel has been diligent in attempting to move toward the preparation of an apt Opposition but has been impeded by circumstances beyond his control that will be resolved soon. Plaintiff's counsel has been fully occupied until the date of signing due to temporarily intense state court proceedings culminating on the day before signing with multiple motion hearings including two summary judgment proceedings. The key

witness for purposes of developing the factual information is Dr. William Spencer who is in federal custody in North Carolina. Counsel has placed five telephone calls to the facility and only two have resulted in a brief opportunity to speak with Dr. Spencer. More details about that are in the application to enlarge time. After a second attempted telephone call placed in the morning of the date signed below, we were able to contact Dr. Spencer at the federal facility. The resulting conversation gave some additional information as to named defendants Soter and Rossi, and clarified potential causes of action against them individually in connection with an alleged fraudulent wire transfer of $72,500 from Dr. Spencer in California to a bank account in Nevada believed to be under their control under the name of Vista Development, LLC. Evidence of such transfer has been received from Dr. Spencer and will be attached herewith to the Declaration of Elizabeth Altieri.

Since plaintiff's counsel was retained belatedly and at an awkward time, counsel has managed to obtain information suggesting that plaintiff filed a federal complaint due to an impending statute of limitations, and failed to preserve it by filing a concurrent state action for lack of legal knowledge. The undersigned is still attempting to determine whether there is in fact a federal question, whether there is federal jurisdiction and therefore is hopeful that the Court, if it determines it should not proceed in this matter would transfer it to state Court (California) rather than dismiss it outright.

The undersigned has found some *prima facie* evidence of a merited claim, and that organized crime might be involved in this case tangentially at least.

Undersigned counsel respectfully again hereby applies to extend time for which plaintiff's counsel may respond to defendants' Messrs. Soter and Rossi's Motion To Dismiss For Lack Of Subject Matter Jurisdiction And For Failure To State A Claim Or In The Alternative Motion For More Definite Statement. This application also requests the briefing order on said motion be stayed pending resolution of this application. This application is made for good cause pursuant to Rule 6(b) of the Federal Rules of Civil

Procedure and Local Rule 6-3 is one of the forms of *ex parte* application permitted pursuant to Local Rule 7-10.

## ARGUMENT

First, because cases should be determined on their merits whenever possible, a dismissal resulting simply because counsel cannot communicate as quickly as with a normal client, as with a federal prisoner despite due diligence, is not in the interests of justice. We acknowledge that normally delay can be prejudicial; however at this early stage of the proceedings defendants should not be incurring any unusual legal fees simply because their attorneys are put to doing nothing but waiting.

Because complex international banking fraud issues underlie this action, plaintiff's counsel should not be required to act in the same manner as in a case where two cars collided at a red light in a federal park. For example, while movants' counsel evades providing any residency information, "(C)ounsel must secure jurisdictional details from original sources before making formal allegations." [*Belleville Catering Co. v. Champaign Market Place, L.L.C.* (7th Cir. 2003) 350 F3d 691, 693 —noting "the client's files doubtless contain the certificate of incorporation. Or counsel could have done what the court did: use the Internet."] Counsel demonstrates in the declaration of Elizabeth Altieri filed herewith that he is making use of the internet, and that he is not chasing a non-existent rabbit down an imaginary hole. Obviously, counsel was not involved in any pre-filing investigation and comes in cold. And some reasonable amount of time should be allowed taking into consideration the nature of the case, the incarceration of Dr. Spencer (whom we show may have been the dupe and victim in fraud) rather than the perpetrator. See accompanying declarations.

Next, counsel is informed and believes that the moving defendants may have been engaged in *wire transfer* fraud, which suggests the strong possibility of federal question jurisdiction and the possibility that plaintiff, in the mistaken belief that these defendants were "with" the bank defendant, and that a properly framed complaint might alter the

parties to be sued. At this stage, counsel is not confident to advance, as facts certain, any more on this subject at this time.

Lastly, assuming *arguendo*, that counsel may not have additional time to respond to the motion to dismiss, then plaintiff sees a possible other solution, though one that is dangerous under the situation due to the limitations on communications with the key witness. Thus, although motions for more definite statement are rarely granted [In re *American Int'l Airways, Inc.* (ED PA 1986) 66 BR 642, 645], plaintiff is not necessarily opposed to such a motion if enlargement of time is denied, if at the same time the Court will allow plaintiff an opportunity to take some preliminary depositions before having to amend its complaint. The Rutter Group Federal Civ. Proc. § 9:352 provides a rationale: "The technical requirements of pleading are minimized under the Federal Rules. Courts are therefore reluctant to spend time 'fine-tuning' the pleadings. Parties are expected to utilize discovery, not the pleadings, to learn the specifics of the claims...."

E&M Trust respectfully requests a 45 day extension of time to respond further for the reasons provided in the accompanying affidavit, and leave to obtain early discovery from the movants.

Dated: February 12, 2008, below.
Respectfully submitted:

_____
David Hicks, attorney for plaintiff