1  GORDON J. ZUIDERWEG, ESQ. (SBN 83101)
   LAW OFFICES OF BARRY K. ROTHMAN
2  1901 Avenue of the Stars
   Suite 370
3  Los Angeles, California 90067
   Telephone:    (310) 557-0062
4  Facsimile:    (310) 557-9080

5  Attorneys For Defendants Gregory S. Soter and
   Alan L. Rossi
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  E&M TRUST,                          )    CASE NO.:    C07-06169 BZ
                                        )
12          Plaintiff,                  )    REPLY MEMORANDUM OF POINTS AND
                                        )    AUTHORITIES   SUBMITTED   BY
13  v.                                  )    DEFENDANTS SOTER AND ROSSI IN
                                        )    SUPPORT OF DEFENDANTS' MOTION TO
14  INTERNATIONAL HOLDING               )    DISMISS COMPLAINT FOR LACK OF
    CORPORATION OF NEVADA,              )    SUBJECT   MATTER   JURISDICTION
15  et al.,                             )    [FRCP RULE 12(b)(1)] AND FOR FAILURE
                                        )    TO STATE A CLAIM [FRCP RULE 12(b)(6)]
16          Defendants.                 )    OR, IN THE ALTERNATIVE, MOTION
                                        )    FOR MORE DEFINITE STATEMENT
17  _____ )    [FRCP RULE12(e)]

18                                           Hearing:
                                             Date:        March 19, 2008
19                                           Time:        10:00 a.m.
                                             Place:       Courtroom G, 15th Floor
20

21

22      1.    **INTRODUCTION.**

23          This Reply Memorandum is respectfully submitted by Defendants Gregory S. Soter and Alan L.

24  Rossi in reply to Plaintiff E&M Trust's Opposition To Defendants' Motion To Dismiss For Lack of

25  Subject Matter Jurisdiction And For Failure To State A Claim Or In The Alternative Motion For More

26  Definite Statement (hereinafter sometimes referred to as "Plaintiff's Opposition"] and in support of

27  Defendants' Motion to Dismiss Complaint For Lack of Subject Matter Jurisdiction [FRCP Rule

28  12(b)(1)] And For Failure To State A Claim [FRCP Rule 12(b)(6)] Or, In The Alternative, Motion for

                                        1

1  More Definite Statement [FRCP Rule12(e)] (hereinafter sometimes referred to as "Defendants'

2  Motion").

3       Defendants' Motion asserts the following.[1]  First, the Complaint on file herein should be

4  dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. The Complaint does

5  not allege the existence of a federal question or of diversity of citizenship.  Second, the Complaint on

6  file herein should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which

7  relief can be granted. The Complaint fails to make any specific allegations in regard to Defendants Soter

8  and Rossi.  Defendants Soter and Rossi are not even mentioned in the body of the Complaint.  Further,

9  the Complaint does not allege any cognizable claim for relief against any of the defendants.  It is

10  impossible to ascertain if Plaintiff is alleging a breach of contract or fraud or any other legal basis for

11  relief. Third, pursuant to Fed.R.Civ.P. 12(e), Defendants Soter and Rossi are requesting a more definite

12  statement because the allegations of the Complaint are so vague, ambiguous, unintelligible, and

13  indefinite that Defendants Soter and Rossi cannot reasonably be required to frame a responsive pleading.

14       Plaintiff's Opposition, which is an opposition in name only, fails to directly address any of the

15  above-mentioned issues.  Instead, Plaintiff's Opposition  ignores the issues, admits that Plaintiff is

16  unable to "prepare a direct, plenary and appropriate opposition to the motion to dismiss" (Plaintiff's

17  Opposition, Page 2, Lines 14-15), and, through the attached Declarations of David Hicks and E. Altieri

18  makes wild, unsubstantiated, and contradictory allegations against Defendants Soter and Rossi.

19  Defendants' request for a more definite statement is not opposed.

20       The Court should note that, along with this Reply Memorandum, Defendants Soter and Rossi

21  have filed a Request For Judicial Notice, in which, pursuant to Rule 201 of the Federal Rules of

22  Evidence,  Defendants Soter and Rossi request that the Court take judicial notice of the following:

23       1.     In 2006, the address of Defendant International Holding Corporation of Nevada was

24             1704 N. Jones, Las Vegas, Nevada 89108;

25  //

26

27

28

---

[1]Defendants' Motion raised the issue of Plaintiff E&M Trust, an entity, representing itself.  That
issue has been rendered moot by the Notice of Appearance (Docket No. 20) by Attorney David Hicks.

REPLY MEMORANDUM BY DEFENDANTS SOTER AND ROSSI - Case No. C07-06169 BZ

1      2.     In 2006, the address of Defendant Joseph Mathew Kelaidis was 1704 N. Jones, Las

2             Vegas, Nevada 89108;

3      3.     In 2006, the address of Defendant James Mathew Kelaidis was 1704 N. Jones, Las

4             Vegas, Nevada 89108;

5      4.     In 2006, Defendant Joseph Mathew Kelaidis was the resident agent and President of

6             Defendant International Holding Corporation of Nevada;

7      5.     In 2006, Defendant James Mathew Kelaidis was the Secretary and Treasurer of

8             Defendant International Holding Corporation of Nevada; and

9      6.     The Entity Details of the Nevada Secretary of State for International Holding Corporation

10            of Nevada are attached to the Request For Judicial Notice as Exhibit 1.

11 In the Request For Judicial Notice, Defendants Soter and Rossi also request that the Court take judicial

12 notice of the Entity Details of the Nevada Secretary of State for International Holding Corporation of

13 Nevada, which are attached to the Request For Judicial Notice as Exhibit 1, and the facts set forth

14 therein. The Entity Details contain the information supporting the above-mentioned facts of which

15 judicial notice is requested.

16

17     **2.**     **PLAINTIFF'S OPPOSITION DOES NOT OPPOSE DEFENDANTS'**

18           **MOTION FOR A MORE DEFINITE STATEMENT, AND, THEREFORE,**

19           **AT THE VERY LEAST, THIS COURT SHOULD GRANT**

20           **DEFENDANTS' REQUEST FOR A MORE DEFINITE STATEMENT.**

21     Plaintiff's Opposition contains no opposition to Defendants' request for a more definite

22 statement. Indeed, Plaintiff's counsel does not deny that the Complaint on file herein is so vague,

23 ambiguous, unintelligible, and indefinite that Defendants Soter and Rossi cannot reasonably be required

24 to frame a responsive pleading. Indeed, Plaintiff's Opposition seems to be confused as to what the

25 allegations of the Complaint are. Clearly, the Complaint on file herein fails to meet the requirements of

26 Fed.R.Civ.P. 8 by failing to set forth allegations that are simple, concise and direct. Given the apparent

27 and manifest unintelligibility of the Complaint, Defendants' request for a more definite statement should

28 be granted if Defendants' Motion To Dismiss is not granted.

3

3. **PLAINTIFF'S OPPOSITION DOES NOT DISPUTE DEFENDANTS' ASSERTION THAT THE COMPLAINT ON FILE HEREIN DOES NOT ALLEGE A BASIS FOR SUBJECT MATTER JURISDICTION, AND, THEREFORE, THIS ACTION SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1) FOR LACK OF JURISDICTION.**

As set forth above, Defendants Soter and Rossi have requested that the Complaint herein be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Plaintiff's Opposition does not even address the issue except for a gratuitous unsubstantiated remark that "the moving parties may have been engaged in *wire transfer* fraud." The Complaint itself fails to allege any basis for federal question jurisdiction. "The court must ascertain from the complaint whether federal law is a pivotal issue in the case, one that is basic in the determination of the conflict between the parties." ***North America Phillips Corp. v. Emery Air Freight Corp.***, 579 F.2d 229, 233 (2nd Cir. 1978). The Complaint clearly does not allege any facts from which this Court can ascertain that federal law is a pivotal issue in this case.

Plaintiff's Opposition similarly fails to address the issue of the lack of diversity jurisdiction. In should also be noted that Plaintiff's Opposition mentions just one possible claim involving a $72,500.00 wire transfer. Of course, under 28 U.S.C. §1332(a), the amount in controversy, exclusive of interest and costs, in a diversity case must exceed $75,000.00. Thus, the amount allegedly in controversy herein clearly does not satisfy the requirements of 28 U.S.C. §1332(a), in that it does not exceed $75,000.00. Thus, it appears that, whatever the citizenship of the parties, diversity jurisdiction cannot exist in this case.

The Court should note that, as set forth in Defendants' Motion To Dismiss: "It is to be presumed that a cause lies outside this limited jurisdiction [citation deleted], and the burden of establishing the contrary rests upon the party asserting jurisdiction." ***Kokkonen v. Guardian Life Ins. Co. of America***, 511 U.S. 375, 377, 114 S.Ct. 1673 (1994). Plaintiff's Opposition does nothing to overcome the above presumption, and, thus, this case should be dismissed for lack of subject matter jurisdiction.

//

//

4

4.    **IT IS UNDISPUTED THAT THE COMPLAINT ON FILE HEREIN IS
DEFECTIVE ON ITS FACT, AND, THUS, THIS ACTION SHOULD BE
DISMISSED PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE
A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

It is undisputed that the Complaint on file herein fails to state a claim against Defendants Soter and Rossi. Plaintiff's Opposition does not even attempt to make a case that the Complaint states a claim. In fact,  in the previously filed Affidavit of Plaintiff's Counsel In Support of Plaintiff E&M Trust's Ex Parte Application To Enlarge Time To Respond To Defendants' Motion To Dismiss For Lack of Subject Matter Jurisdiction And For failure To State A Claim Or In The Alternative Motion For More Definite Statement (Docket No. 26, Attachment #1), in Paragraph 3 (Page 3, Lines 1-3), Plaintiff's counsel admitted that the "complaint is admittedly defective on its face." Plaintiff's counsel is correct. The Complaint on file herein is defective on its face. It is clear that the Complaint does not allege any cognizable claim against Defendants Soter and Rossi, and that, outside of the case caption, the Complaint does not even mention Defendants Soter and Rossi. Thus, the Complaint on file herein should be dismissed.

5.    **PLAINTIFF'S COUNSEL'S ALLEGATIONS ARE UNSUBSTANTIATED
AND CONTRADICTORY.**

Instead of arguing that the Complaint before the Court states a claim against Defendants Soter and Rossi, Plaintiff's counsel makes wild, unsubstantiated allegations in the Opposition itself and in the attached declarations. Plaintiff's counsel contends that the "additional information" may show that the moving defendants "may have been engaged" in wire transfer fraud.

The Court should note the following about these alleged facts. There is nothing in Plaintiff's Opposition to link any of the allegations to Defendants Soter and Rossi. There is no allegation that Defendants Soter and Rossi received the alleged wire transfer. There is nothing to show that the bank account at Nevada State Bank to which the wire transfer went is an account belonging to or linked to Defendants Soter or Rossi. There is nothing in the "additional information" set forth in Plaintiff's Opposition that connects or links Defendants Soter and Rossi to the alleged wire transfer. Indeed, the

5

1  "additional information" demonstrates that neither Defendant Soter nor Defendant Rossi were connected

2  to the alleged wire transfer. The wire transfer is to another named Defendant Joseph Mathew Kelaidis

3  [Plaintiff's Opposition, Declaration of Altieri, Attachment #2, Paragraph 6, Page4 3, Line 22 to Page

4  7, Line 4; Plaintiff's Opposition, Exhibit C] not to either Defendant Soter or Defendant Rossi. The

5  caption of the Complaint connects Defendant Joseph Mathew Kelaidis to International Holding

6  Corporation of Nevada,  another named Defendant, which has no connection whatsoever with

7  Defendants Soter and Rossi. The address for Vista Development of which Defendants Soter and Rossi

8  are members is listed in Exhibits A and C to Plaintiff's Opposition as 1704 N. Jones, Las Vegas,

9  Nevada, which is clearly not the address for Vista Development as set forth in Exhibit D, a copy of a

10  printout from the Nevada Secretary of State web site. Further, the instructions (Exhibit A) initially listed

11  Defendant International Holding Corporation of Nevada as the beneficiary of the wire transfer.

12      If one consults the web site for the Nevada Secretary of State, one finds the following details in

13  the Entity Details for Defendant International Holding Corporation of Nevada, a true and correct copy

14  of which is attached as Exhibit 1 to Defendants' Request For Judicial Notice:

15      1.      In 2006, the address of Defendant International Holding Corporation of Nevada was

16              1704 N. Jones, Las Vegas, Nevada 89108;

17      2.      In 2006, the address of Defendant Joseph Mathew Kelaidis was 1704 N. Jones, Las

18              Vegas, Nevada 89108;

19      3.      In 2006, the address of Defendant James Mathew Kelaidis was 1704 N. Jones, Las

20              Vegas, Nevada 89108;

21      4.      In 2006, Defendant Joseph Mathew Kelaidis was the resident agent and President of

22              Defendant International Holding Corporation of Nevada; and

23      5.      In 2006, Defendant James Mathew Kelaidis was the Secretary and Treasurer of

24              Defendant International Holding Corporation of Nevada.

25      It is clear, therefore, that the alleged wire transfer went to another Defendant, Joseph Mathew

26  Kelaidis, and not to Defendant Soter or Defendant Rossi. The alleged transfer went to the address of

27  1704 N. Jones, Las Vegas, Nevada 89108, which was an address for Defendants International Holding

28  Corporation of Nevada, Joseph Mathew Kelaidis, and James Mathew Kelaidis and which is not an

6

1  address connected with either Defendant Soter or Defendant Rossi.

2      In summary, if one examines the "additional information" in Plaintiff's Opposition, one finds

3  that it is merely smoke and mirrors cobbled together by Plaintiff's counsel. The "additional information"

4  is frail, attenuated, and contradictory. The so-called evidence does not support or enhance the Complaint

5  or support any cognizable claim against Defendants Soter and Rossi. The "additional information" does

6  not even provide a basis for this Court to grant Plaintiff leave to amend.

7

8      **6.    CONCLUSION.**

9      Plaintiff's Opposition to Defendants' Motion is in actuality not an opposition. Defendants'

10  request for a more definite statement is not even opposed. Plaintiff's counsel does not argue that the

11  Complaint is sufficient. Indeed, Plaintiff's counsel has previously admitted that the Complaint is

12  defective on its face. Plaintiff's counsel does not even attempt to argue that the Complaint states a cause

13  of action against Defendants Soter and Rossi. Plaintiff's counsel's attempt to construct some sort of

14  evidence that indicates that there may be some sort of claim against Defendants Soter and Rossi is to no

15  avail.  The alleged "additional information" is speculative, not probative, unsubstantiated, and

16  contradictory. The instant case should be dismissed for lack of subject matter jurisdiction and for failure

17  to state a claim against Defendants Soter and Rossi. If the Court decides to deny the motion to dismiss,

18  it should grant Defendants' request for a more definite statement.

19

20  Dated: February 19, 2008                    LAW OFFICES OF BARRY K. ROTHMAN

21

22

23                                             By _Gordon J. Zuiderweg_
                                               Gordon J. Zuiderweg, Esq.
24                                             Attorneys For Defendants Gregory S. Soter and Alan L.
                                               Rossi

25

26

27

28

7

1

**PROOF OF SERVICE**

2          Gordon J. Zuiderweg certifies and declares as follows:

3          I am an attorney at law duly licensed to practice before all the courts of the State of California,

4     and I am a member of the Law Offices of Barry K. Rothman, attorneys for Defendants Soter and Rossi

5     herein. I am over the age of 18 and not a party to this action. My business address is 1901 Avenue of

6     the Stars, Suite 370, Los Angeles, California 90067, which is located in the county where the mailing

7     described below took place.

8          On February 19, 2008, I deposited in the mail at Los Angeles, California, true and correct copies

9     of the foregoing REPLY MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED BY

10    DEFENDANTS SOTER AND ROSSI IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

11    COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION [FRCP RULE 12(b)(1)] AND

12    FOR FAILURE TO STATE A CLAIM [FRCP RULE 12(b)(6)] OR, IN THE ALTERNATIVE,

13    MOTION FOR MORE DEFINITE STATEMENT [FRCP RULE12(e)], in sealed envelopes, with

14    postage prepaid, addressed to:

15    David Hicks, Esq.
      David Hicks, APLC
16    2200 Powell Street
      Suite 990
17    Emeryville, California 94608

18    Brendan P. Cullen, Esq.
      Amie Rooney, Esq.
19    Sullivan & Cromwell LLP
      1870 Embarcadero Road
20    Palo Alto, California 94303

21          I declare under penalty of perjury under the laws of the State of California and those of the

22    United States of America that the foregoing is true and correct.

23          Executed in Los Angeles, California on February 19, 2008.

24

25

26          *Gordon J. Zuiderweg*
            Gordon J. Zuiderweg

27

28

8

REPLY MEMORANDUM BY DEFENDANTS SOTER AND ROSSI - Case No. C07-06169 BZ